

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DOUGLAS EUGENE JAHNS, | § | No. 08-23-00013-CR |
| Appellant, | § | Appeal from the |
| v. | § | 451st Judicial District Court |
| THE STATE OF TEXAS, | § | of Kendall County, Texas |
| Appellee. | § | (TC# 7610) |

## <u>MEMORANDUM OPINION</u>

A jury found Appellant Douglas Eugene Jahns guilty of aggravated assault with a deadly weapon and assessed punishment of 20 years' imprisonment. We affirm.[1]

Appellant's court-appointed counsel filed a brief articulating that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967) and presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). Counsel notified the Court in writing that he delivered a copy

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

of counsel's brief and the motion to withdraw to Appellant and that he also advised Appellant of his rights to review the record, file a pro se brief, and seek discretionary review. Counsel indicated that he made Appellant aware of the process for obtaining the appellate record and provided this Court's address and a motion for pro se access to the appellate record that lacks only Appellant's signature. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (an attorney filing an Anders brief must "(1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response, . . . (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous . . . [and] (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes"). Appellant has not filed a pro se brief in over 30 days since defense counsel filed a brief and informed Appellant of his rights. *See In re Schulman*, 252 S.W.3d at 409 n.23. The State has filed a waiver of its right to file a reply to Appellant's *Anders* brief.

After carefully reviewing the record and counsel's brief, we find nothing in the record that might arguably support the appeal. We conclude that the appeal is wholly frivolous and without merit. We grant appellate counsel's motion to withdraw in accordance with *Anders v. California* and affirm the trial court's judgment supporting Appellant's conviction.


LISA J. SOTO, Justice


July 11, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)